UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JIMMY SCOGGINS,

    Plaintiff,

v.                                                               Case No. 5:08-cv-278-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

Pending before the Court is plaintiff's Motion for Approval of Contingency Fee Contract and Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1), filed on October 31, 2011. (Doc. 30). The Commissioner filed a statement of accrued benefits and response to plaintiff's motion on November 28, 2011. (Doc. 35). For the reasons below, plaintiff's motion is due to be GRANTED IN PART.

### I. Facts and Background

Plaintiff is a mentally retarded male with an IQ of 42. In a determination dated October 26, 1990, plaintiff was found disabled as of July 1, 1990. On May 2, 2007, the Commissioner determined that the claimant was no longer disabled as of April 1, 2005. The Commissioner terminated plaintiff's adult child benefits in May 2005 and last paid disability benefits to plaintiff in July 2005. On February 19, 2008, the ALJ upheld the Commissioner's decision and plaintiff subsequently appealed. On May 16, 2008, the Appeals Council denied plaintiff's request for review. On June 26, 2008, plaintiff retained his current counsel Mr. N. Albert Bacharach, Jr. (hereinafter, "plaintiff's counsel"). On July 7, 2008, plaintiff's counsel filed a Complaint on plaintiff's behalf with

this Court. (Doc. 1.) The Commissioner filed an answer on September 26, 2008. (Doc. 11.) On November 24, 2008, plaintiff's counsel filed a Memorandum in Opposition to the Final Decision of the Commissioner ceasing plaintiff's adult child benefits. (Doc. 16.) On February 20, 2009, the Commissioner filed a Motion to Remand (Doc. 19), which was granted by the Court on March 17, 2009 (Doc. 23). On May 5, 2009, the Court entered an Order granting plaintiff $2,805.20 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). On November 19, 2010, the ALJ entered a fully favorable decision finding that plaintiff is entitled to adult child disability benefits under § 223(d) of the Social Security Act. As a result of the ALJ's fully favorable decision, the Commissioner awarded plaintiff sixty-five months (July 2005 to November 2010) of past-due benefits.

Pursuant to plaintiff's Contingency Fee Agreement, plaintiff's counsel now requests that he be paid 25% of the past-due benefits minus EAJA and 406(a) attorney fees, which he calculates to be a net § 406(b)(1) fee of $3,399.67. The Commissioner does not object to awarding plaintiff's counsel reasonable attorney fees, but calculates the net § 406(b)(1) fee to be $2,522.18.

## II. Legal Standard

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v.

Barnhart, 535 U.S. 789, 806 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the continency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases.  Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.

     In making this reasonableness determination, the Gisbrecht Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case, "the so-called "windfall" factor.  In these instances, a downward reduction may be in order and the Court may appropriately reduce the fee.  Id. at 805, 808.

### III.  Analysis

     Plaintiff's counsel did not receive an official "Notice of Award" letter in this case. In cases where benefits are being reinstated, a "Notice of Award" letter is not issued. Plaintiff's counsel calculated the past-due benefit amount using various figures appearing in an "Important Information" letter sent by the Commissioner on February 22, 2011.  (Pl.'s Mot. Ex. A).  Plaintiff's counsel determined the past-due benefit amount to be $48,819.50.  However, the Commissioner's records do not confirm this amount and the Commissioner states that the amount of past-due benefits is $45,309.50.

Plaintiff's counsel's calculation of $48,819.50 included $4,327.00 for an amount of benefits that had been previously paid to plaintiff and then refunded to the Social Security Administration by him. The Court agrees with the Commissioner that this $4,327.00 should not have been included in the total amount because the $4,327.00 pertained to a remittance from the recovery of an SSI overpayment and that amount is not included in the past-due benefit calculation. Pursuant to Social Security Administration procedure, a prior overpayment is not used to determine the past-due benefit amount. See Past-Due Benefits Payable Calculation, https://secure.ssa.gov/poms.nsf/lnx/0203920030. The correct amount of the past-due benefits is therefore $45,309.50.

Under the signed fee agreement attached to plaintiff's motion, plaintiff's counsel is entitled to 25% of past-due benefits. As discussed, the correct amount of the past-due benefits is $45,309.50 and 25% of that amount equals $11,327.38. Further, when attorney fees for work at the administrative level under 42 U.S.C. § 406(a) are granted, these attorney fees are subtracted from the total amount of 25% of the past-due benefit. Plaintiff's counsel is therefore only entitled to the portion of the $11,327.38 amount that remains after any attorney fees under § 406(a) have been deducted. Currently $6,000.00 in § 406(a) fees have been paid and that amount is to be deducted from $11,327.38, which equals $5,327.38 in attorney fees.

The Commissioner does not object to awarding reasonable attorney fees to plaintiff's counsel for work before the Court. After subtracting the attorney fees under 406(a), the Court finds that the remaining $5,327.38 is a reasonable amount of attorney fees. The requested fee will not result in a windfall for counsel – i.e., that counsel is

4

receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to plaintiff.  Plaintiff's counsel represents that he expended 13.9 hours in 2008 and 2.4 hours in 2009 representing plaintiff and that his hourly rate in 2008 was $600.00 and in 2009 it was $650.00.  Further, the Court is persuaded that the "character of the representation and the results the representation achieved" were adequate due to the fact that plaintiff's counsel successfully convinced the Court that the Commissioner's final decision terminating plaintiff's adult child benefits was a reversible error.  See Gisbrecht, 535 U.S. 789 at 805-808.  Therefore, the Court finds the $5,327.38 in § 406(b) attorney fees to be reasonable.

However, plaintiff's counsel stated that he already received an EAJA fee of $2,805.20.  (See Pl.'s Mot. at 2, Doc. 29.)  In considering the EAJA award and the 406(b) award, plaintiff's counsel is required to refund the smaller of the two awards to plaintiff.  See Gisbrecht, 535 U.S. at 796; Jackson v. Commissioner of Social Security, 601 F.3d 1268 (11th Cir. 2010).  After subtracting the EAJA award, the net 406(b) fee amount is properly calculated at $2,522.18 ($5,327.38 - $2,805.20).  The Court finds this amount to be reasonable and the Commissioner does not object to this amount.

## IV.  Conclusion

For the reasons above, the Motion for Approval of Contingency Fee Contract and Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 30) is due to be GRANTED IN PART.  Section 406(b)(1) fees are approved for plaintiff's counsel in the sum of $5,327.38 to be paid out of plaintiff's past-due benefits currently being withheld by the Social Security Administration.  In addition, plaintiff's counsel is directed to return to plaintiff the sum of $2,805.20, representing the EAJA fees that previously were

awarded to plaintiff's counsel by this Court.

      IT IS SO ORDERED.

      DONE AND ORDERED in Ocala, Florida on November 29, 2011.

Copies to all counsel.

THOMAS B. SMITH
United States Magistrate Judge